UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL GUTIERREZ AND KASSANDRA GUTIERREZ | ) | |
| Plaintiffs, | ) | CASE NO. 1:17-CV-00002-DLH-CSM |
| VS. | ) | |
| SMITH INTERNATIONAL, INC.; HALLIBURTON ENERGY SERVICES, INC.; ENERPLUS RESOURCES (USA) CORPORATION; DECCA CONSULTING, INC.; ENSIGN UNITED STATES DRILLING, INC.; WYOMING CASING SERVICE, INC.; HAL CURLETT, INDIVIDUALLY | ) | **PLAINTIFFS' FIRST AMENDED COMPLAINT** |

---

[¶ 1]. COME NOW**,** the Plaintiffs Daniel Gutierrez and Kassandra Gutierrez, by and through the undersigned attorney, and for their causes of action against the Defendants Smith International, Inc., Halliburton Energy Services, Inc., Enerplus Resources (USA) Corporation, Decca Consulting, Inc., Wyoming Casing Service, Inc. and Hal Curlett, Individually, states and alleges to the Court as follows:

[¶ 2]. At all times material herein, the Plaintiffs Daniel Gutierrez and Kassandra Gutierrez were residents of the State of Utah.

[¶ 3]. Upon information and belief, Defendant SMITH INTERNATIONAL, INC. is a Delaware corporation with its principal place of business in Harris County, Texas. Defendant is authorized to conduct business in North Dakota. Defendant has answered and appeared herein. No additional service is necessary.

[¶ 4]. Upon information and belief, Defendant, HALLIBURTON ENERGY SERVICES, INC. is a Delaware corporation with its principal place of business in Harris County, Texas. Defendant is authorized to conduct business in North Dakota. Defendant has answered and appeared herein. No additional service is necessary.

[¶ 5]. Upon information and belief, Defendant, ENERPLUS RESOURCES (USA) CORPORATION, is a Delaware corporation with its principal place of business in Denver, Colorado. Defendant is authorized to conduct business in North Dakota. Defendant has answered and appeared herein. No additional service is necessary.

[¶ 6]. Upon information and belief, Defendant, DECCA CONSULTING, INC.**,** is a Nevada corporation with its principal place of business in Atlanta, Georgia. Defendant is authorized to conduct business in North Dakota. Defendant has answered and appeared herein. No additional service is necessary.

[¶ 7]. Upon information and belief, Defendant, WYOMING CASING SERVICE, INC. is a Wyoming corporation with its principal place of business in Dickinson, North Dakota. Defendant is authorized to conduct business in North Dakota. Defendant has answered and appeared herein. No additional service is necessary.

[¶ 8]. Upon information and belief, Defendant, HAL CURLETT, INDIVIDUALLY**,** is an individual who is a resident of the State of Wyoming. Defendant has answered and appeared herein. No additional service is necessary.

[¶ 9]. On or about April 16, 2014, DANIEL GUTIERREZ was involved in an oil field related incident, in Fort Berthold, North Dakota on Ensign Rig #88, when suddenly and without warning approximately 1,000 pounds of pipe fell and violently struck DANIEL GUTIERREZ in the head and leg, resulting in severe head trauma and the amputation of his right leg.

[¶ 10]. The incident in question occurred when a HALLIBURTON SUB that was connected to a SMITH mud agitator failed and disconnected. Defendant SMITH provided the axial agitator tool in question. Prior to the incident in question, Defendant SMITH provided Defendants ENERPLUS, HAL CURLETT, and as well to the crew of HALLIBURTON a presentation to review the specifications and use of the APG Tool.

[¶ 11]. The failure caused the SUB and the mud agitator to disconnect and caused a one thousand pound pipe to fall over twenty-three feet and violently struck the Plaintiff.

[¶ 12]. At the time of the incident in question, a lifting sub manufactured by Defendant HALLIBURTON, separated and caused the above-mentioned pipe to violently fall onto the Plaintiff.

[¶ 13]. Additionally, Defendant HALLIBURTON and SMITH employees were present on the rig at the time of the incident and were to supervise the operations in question. Said employees were present on the rig floor to manage the agitator pick-up process in conjunction with the rig crew. Additionally, the SMITH crew failed to conduct or request a pre-job safety meeting prior to the incident in question. The HALLIBURTON INTERNATIONAL directional driller also failed to conduct a pre-job safety meeting with the crew and failed to inspect the equipment prior to starting his operations. SMITH crew was continuously onsite to observe the field testing of the Axial Pulse Generator Tool ("APG Tool"). The APG Tool in question was owned by SMITH. The SMITH crew/service hands were present, at the time of the incident in question, and were on the rig floor to manage the agitator pick-up process and near surface tool testing in conjunction with the rig crew.

[¶ 14]. Defendant, ENERPLUS, maintained a "company man" on site at the time of the incident in question who maintained overall authority to ensure the work was conducted in a safe and prudent manner. ENERPLUS was the operator of the wellsite in question and maintained the overall direction and control over the site in question.

[¶ 15]. Defendants DECCA and HAL CURLETT provided consulting services for the worksite in question.

[¶ 16]. Specifically, DECCA provided Hal Curlett to serve as the "company man" for the worksite in question who was to act as the eyes and ears for ENERPLUS on location.

[¶ 17]. Considering their continual and constant onsite presence, Defendants DECCA and HAL CURLETT are believed to have had direct knowledge of the dangerous conditions and dangerous operational procedures, which deemed it unreasonably dangerous that could lead to the serious physical injury of those working around or on the subject Rig, which makes the basis of this lawsuit.

[¶ 18]. DECCA and CURLETT were retained as consultants to supervise the drilling project in question.

[¶ 19]. Part of DECCA and CURLETT's duties and responsibilities were to provide safety inspections, safe operational procedures and to provide a safe working environment free of dangerous conditions, which foreseeably could lead to serious bodily injuries and/or death of those who would work on or about near the subject rig, which makes the basis of this lawsuit**.**

[¶ 20]. DECCA specifically had HAL CURLETT as its consultant on site who was its agent, servant, representative and/or employee at the time of the incident in question who was specifically tasked with the responsibility and duties to ensure the safe operation of the oil rig in question, responsible to conduct safety inspection of the rig and work being conducted on the rig

in question, and were responsible to ensure a safe work environment free of dangerous conditions, which foreseeably could lead to serious physical bodily injuries and/or death of those who would work on or near the subject rig, which is the subject of this lawsuit.

[¶ 21]. ENERPLUS, as well, had the responsibility and duty to ensure its well was being operated in a safe work environment, free of dangerous conditions, which foreseeably could lead to serious physical bodily injuries of those who would work on or near the subject rig, which is the subject of this lawsuit. ENERPLUS leased Rig #88 for the well site in question.

[¶ 22]. ENSIGN UNITED STATES DRILLING was the owner of Rig #88.

[¶ 23]. Ensign had the responsibility and duty as the owner of Rig #88 to ensure it was free of dangerous and hazardous conditions that could cause serious injury or death to the workers on said rig.

[¶ 24]. The Plaintiffs assert that Defendants acting in, by, and through their capacities failed in their respective duties to exercise ordinary care, and thereby committed various acts and/or omissions constituting negligence, as that term is defined by law, and which proximately caused the injuries and damages of the Plaintiffs

[¶ 25]. Considering their continual and constant onsite presence at the work site Defendants are believed to have had direct knowledge of the dangerous conditions of the subject well site, which deemed it unreasonably dangerous that could lead to the serious physical injury and/or death of those working around or on the subject pump, which makes the basis of this lawsuit.

[¶ 26]. Defendant HALLIBURTON had a duty to supervise the work conducted or the equipment and pipes in question.

[¶ 27]. Defendant WYOMING CASING SERVICES, INC., through its employee, Shawn Keck, was/were designated as operator of the crew and he signed off a separate safety process for each segment of the laydown operations in question. At the time of the incident, Shawn Keck was asleep in his truck. At the time of the incident in question, the onsite WYOMING crew were running the trough, which feeds pipe and downhole tools to the rig floor for connection by the ENSIGN rig hands. WYOMING was to perform the service of laydown machine; pick up and laydown pipe.

**CLAIM I - RESPONDEAT SUPERIOR/VICARIOUS LIABILITY**

[¶ 28]. All agents, servants, representatives, and/or employees referred to herein of any Defendant were in the course and scope of their respective agency, servitude or employment and were under the direct control of Defendants.

[¶ 29]. In the alternative, if such be necessary, Defendants through managements has authorized and/or ratified the described conduct of its agents, servants, representatives, and/or employees.

[¶ 30]. Therefore, since the agents, servants, representatives, and/or employees of Defendants were at the time of the incident made the basis of this lawsuit were acting within their course and scope of their employment for Defendants, then pursuant to the doctrine of Respondeat Superior the agents, servants, representatives, and/or employees' negligent acts and/or omissions are imputed to Defendants.

**CLAIM II - NEGLIGENCE OF DEFENDANTS**

[¶ 31]. The Defendants owed a duty to ensure, maintain and control a safe work environment and to properly supervise and inspect the equipment, operational procedures and safety policies used by Defendants at said work site.

[¶ 32]. The Defendants exercised and/or retained the actual and contractual right of control over the manner in which the work was to be performed.

[¶ 33]. The Defendants negligently failed to ensure, maintain, and control a safe work place and to properly supervise and inspect the worksite, individuals, equipment, and operational procedures and safety policies used by Defendants and as a direct and proximate result, DANIEL GUTIERREZ was tragically injured and Plaintiffs have now suffered damages as specified herein for which Plaintiffs now sues.

[¶ 34]. The Defendants had a duty to use reasonable care to keep the premises and work environment/area under their control in a safe condition free of known dangerous and hazardous conditions.

[¶ 35]. The incident in question and resulting injuries of the Plaintiffs were proximately caused by the negligence of Defendants in one or more of the following particulars:

a. in failing to keep a proper lookout for obviously dangerous conditions;

b. in failing to report a dangerous condition;

c. in allowing the operations to continue with dangerous equipment and/or dangerous conditions;

d. in failing to properly and adequately inspect the equipment and the drilling operations;

e. in failing to recognize a dangerous condition at the time of the incident in question;

f. in failing to keep the work environment free of dangerous conditions that could cause physical bodily injury or death;

g. in failing to provide adequate and safe equipment and in failing to provide adequate and safe instructions, directions and operational procedures in order to make a safe connection of the APG tool in question;

h. in failing to provide adequate safety instructions, directions and control over the work conducted on Rig #88;

i. in negligently supervising the work conducted at the time of the incident in question.

[¶ 36]. The Plaintiffs allege that each and every one of the aforesaid negligent acts and/or omissions on the part of these Defendants constitute negligence, which was/were and are the proximate cause of the physical bodily injuries of DANIEL GUTIERREZ and the damages sustained by Plaintiffs.

[¶ 37]. WHEREFORE**,** the Plaintiffs Daniel Gutierrez and Kassandra Gutierrez pray for judgment against the Defendants and respectfully request that this Court enter judgment in the Plaintiffs' favor as follows:

a. For recover of reasonable damages in an amount in excess of $50,000.00 for past and future pain, suffering, inconvenience, physical impairment, mental anguish, emotional distress, and other non-pecuniary damages as allowed by North Dakota law;

b. Recover of a reasonable amount in excess of $50,000.00 for past and future medical expenses;

c. Recovery of a reasonable amount of lost wages;

d. Recovery of costs and disbursements of this action;

e. Interest;

f. For such other and further relief as this Court may deem just and equitable.

**A TRIAL BY JURY IS HEREBY DEMANDED.**

Dated this 9th day of January, 2018.

Respectfully submitted,

/s/ JORGE A. HERRERA .
JORGE A. HERRERA
State Bar No. 24044242
Email: jherrera@herreralaw.com
FRANK HERRERA, JR.
State Bar No. 09531000
Email: fherrera@herreralaw.com
**THE HERRERA LAW FIRM, INC.**
Riverview Towers
111 Soledad Street, Suite 1900
San Antonio, Texas 78205-2240
Telephone: (210) 224-1054
Facsimile: (210) 228-0887

And

TIMOTHY M. O'KEEFEE (ND ID No. 05636)
TATUM O. LINDBO (ND ID No. 05985)
720 Main Avenue
P.O. Box 2105
Fargo, ND 58107-2105
Phone: (701) 235-8000
Fax: (701) 235-8023
tmo@kennellylaw.com
tol@kennellylaw.com
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been filed electronically with the Clerk of Court through ECF and that ECF will send copies of said following to the following counsel of record on this 9th day of January, 2018:

Nicholas C. Grant
ngrant@ndlaw.com
Randall N. Sickler
rsickler@ndlaw.com
Ebeltoft Sickler Lawyers, PLLC
2272 Eighth Street West
Dickinson, ND 58601
**ATTORNEYS FOR SMITH INTERNATIONAL, INC.**

Robert B. Stock
rstock@vogellaw.com
Charlotte J.S. Rusch
crusch@vogellaw.com
Vogel Law Firm
rbslitgroup@vogellaw.com (ESERVE ADDRESS)
218 NP Avenue
P.O. Box 1389
Fargo, ND 58107-1389
**ATTORNEYS FOR HALLIURTON ENERGY SERVICES, INC.**

Lawrence E. King
lking@zkslaw.com
John E. Ward
jward@zkslaw.com
Zuger Kirmis & Smith
P.O. Box 1695
Bismarck, ND 58502-1695
**ATTORNEYS FOR ENERPLUS RESOURCES (USA) CORPORATION**

Peter W. Zuger
pzuger@serklandlaw.com
Kasey D. McNary
kmcnary@serklandlaw.com
Serkland Law Firm
10 Roberts Street
P.O. Box 6017
Fargo, ND 58108-6017
**ATTORNEYS FOR WYOMING CASING SERVICE, INC.**

John C. Hughes
jhughes@meagher.com
Meagher & Geer, PLLP
1900 Burnt Boat Dr., Suite 101
Bismarck, ND 58503
Tel: 701/222-1315
and
Nicholas J. O'Connell
noconnell@meagher.com
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, Minnesota 55402
**ATTORNEYS FOR DECCA CONSULTING, INC. AND HAL CURLETT, INDIVIDUALLY**

/s/ JORGE A. HERRERA .
Jorge A. Herrera