IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Daniel Gutierrez and Kassandra Gutierrez,<br><br>Plaintiffs,<br>v.<br><br>Smith International, Inc.; Halliburton Energy Services, Inc.; Enerplus Resources (USA) Corporation; Decca Consulting, Inc.; Ensign United States Drilling, Inc.; Wyoming Casing Service, Inc.; Hal Curlett, individually,<br><br>Defendants. | Case No. 1:17-cv-00002<br><br>**Joint and Separate Answer of Defendants Decca Consulting, Inc., and Hal Curlett to Plaintiffs' First Amended Complaint**<br><br>**JURY TRIAL DEMANDED** |

TO: Plaintiffs above named and their attorneys of record Timothy M. O'Keeffe, Esq. and Tatum O. Lindbo, Esq., O'Keeffe, O'Brien, Lyson & Foss, Ltd., 720 Main Avenue, P.O. Box 2105, Fargo, ND 58107-2105 and Jorge A. Herrera, Esq. The Herrera Law Firm, 111 Soledad Street Suite 1900 San Antonio, TX 78205

COMES NOW Defendants Decca Consulting, Inc. (referred to individually as "Decca") and Hal Curlett (referred to individually as "Curlett") (collectively referred to as "Defendants") and for their Answer to Plaintiffs' First Amended Complaint states and alleges as follows:

1. Defendants deny each and every allegation, statement and matter in said First Amended Complaint except as hereinafter admitted or alleged.

2. Paragraph 1 of the First Amended Complaint is a legal statement to which no response is required; in the event there is a subsequent determination that a response was required then the allegations in Paragraph 1 of the First Amended Complaint are denied.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the First Amended Complaint.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the First Amended Complaint.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the First Amended Complaint.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the First Amended Complaint.

7. As to the allegations in Paragraph 6 of the First Amended Complaint, Decca admits it is a Nevada corporation with its principal place of business in Atlanta, Georgia; Decca admits that it is authorized to conduct business in North Dakota and that its agent for service of process in North Dakota is Corporate Creations Network, Inc.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the First Amended Complaint.

9. As to the allegations in Paragraph 8 of the First Amended Complaint, Curlett admits that he is an individual who resides in the state of Wyoming and that an answer has been previously served on his behalf.

10. As to the allegations in Paragraph 9 of the First Amended Complaint, Defendants admit Plaintiff Daniel Gutierrez was involved in an oilfield accident about the date alleged at or near the place alleged; Defendants deny the remainder of the allegations in Paragraph 10 of the First Amended Complaint.

11. Defendants deny the allegations in Paragraph 10 of the First Amended Complaint as alleged against Curlett.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the First Amended Complaint.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the First Amended Complaint.

14. The allegations in Paragraph 13 of the First Amended Complaint are directed to parties other than the Defendants herein and therefore no response is required; in the event there is a subsequent determination that a response was required then the allegations in Paragraph 13 of the First Amended Complaint are denied.

15. The allegations in Paragraph 14 of the First Amended Complaint are directed to parties other than the Defendants herein and therefore no response is required; in the event there is a subsequent determination that a response was required then the allegations in Paragraph 14 of the First Amended Complaint are denied.

16. Defendants admit the allegations in Paragraph 15 of the First Amended Complaint.

17. As to the allegations in Paragraph 16 of the First Amended Complaint Defendants admit Decca provided Hal Curlett to work as a consultant at the worksite described in Paragraph 16 of the First Amended Complaint; Defendants deny the remainder of the allegations in Paragraph 16 of the First Amended Complaint.

18. Defendants deny the allegations in Paragraph 17 of the First Amended Complaint.

19. Defendants admit Decca supplied Curlett to be a consultant for the project described in Paragraph 18 of the First Amended Complaint; Defendants deny the remainder of the allegations in Paragraph 18 of the First Amended Complaint.

20. Defendants deny the allegations in Paragraph 19 of the First Amended Complaint.

21. As to the allegations in Paragraph 20 of the First Amended Complaint, Decca admits that Hal Curlett was an independent contractor/consultant on the site described in Plaintiffs' First Amended Complaint; Defendants deny the remainder of the allegations in Paragraph 20 of the First Amended Complaint.

22. The allegations in Paragraph 21 of the First Amended Complaint are not directed at Defendants herein and therefore no response is required; in the event there is a subsequent determination that a response was required then the allegations in Paragraph 21 of the First Amended Complaint are denied.

23. Defendants admit the allegations in Paragraph 22 of the First Amended Complaint.

24. The allegations in Paragraph 23 of the First Amended Complaint are not directed at the Defendants herein and therefore no response is required; in the event there is a subsequent determination that a response was required then the allegations in Paragraph 23 of the First Amended Complaint are denied.

25. Defendants deny the allegations in Paragraph 24 of the First Amended Complaint.

26. Defendants deny the allegations in Paragraph 25 of the First Amended Complaint.

27. The allegations in Paragraph 26 of the First Amended Complaint are not directed at the Defendants herein and therefore no response is required; in the event there is a subsequent determination that a response was required then the allegations in Paragraph 26 of the First Amended Complaint are denied.

28. The allegations in Paragraph 27 of the First Amended Complaint are not directed at the Defendants herein and therefore no response is required; in the event there is a subsequent determination that a response was required then the allegations in Paragraph 27 of the First Amended Complaint are denied.

29. Defendants deny the allegations in Paragraph 28 of the First Amended Complaint.

30. Defendants deny the allegations in Paragraph 29 of the First Amended Complaint.

31. Defendants deny the allegations in Paragraph 30 of the First Amended Complaint.

32. Defendants deny the allegations in Paragraph 31 of the First Amended Complaint and deny they owed any legal duty to the Plaintiffs.

33. Defendants deny the allegations in Paragraph 32 of the First Amended Complaint.

34. Defendants deny the allegations in Paragraph 33 of the First Amended Complaint.

35. Defendants deny the allegations in Paragraph 34 of the First Amended Complaint and deny they owed a legal duty to the Plaintiffs.

36. Defendants deny the allegations in Paragraph 35 of the First Amended Complaint.

37. Defendants deny the allegations in Paragraph 36 of the First Amended Complaint.

38. Defendants deny Plaintiffs are entitled to the relief alleged in Paragraph 37 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

39. Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted as to these answering Defendants.

40. These answering Defendants deny they owed any legal duty to the Plaintiffs.

41. These answering Defendants specifically deny that any of its conduct, action or inaction was negligent or a cause of Plaintiffs' injuries; these answering Defendants deny any liability whatsoever to the Plaintiffs.

42. Curlett affirmatively asserts that his actions fell within the general standard of care for the industry.

43. That Plaintiffs' injuries and damages were caused by third parties and/or co-defendants over whom these answering Defendants had no control and for which they have no legal responsibility.

44. That Plaintiffs' alleged injuries and damages were caused by the Plaintiffs' own contributory negligence, carelessness and/or assumption of the risk.

45. That Plaintiffs' claims may be barred by the applicable statutes of limitations and statutes of repose.

46. That relative to medical expenses, wage loss and employment disability as alleged by Plaintiffs, Plaintiffs are not the real parties at interest; the real party at interest are Plaintiff Daniel Gutierrez's employers, their worker's compensation insurers or North Dakota Workforce Safety and Insurance.

47. That Defendants herein cannot be held liable to the Plaintiffs on the basis of joint and several liability for the fault or other improper conduct that may be

attributable to other defendants or non-parties hereto pursuant to the provisions of N.D.C.C. § 32-03-2-02.

48. That Plaintiffs' injuries and damages, if any, were the result of an intervening and/or superseding cause.

49. That Defendants herein incorporate by reference all other affirmative defenses asserted by any co-defendant hereto to the extent the defenses are consistent with Defendants' defense to this action.

50. WHEREFORE, Defendants pray that Plaintiffs take nothing by their pretended cause of action and that Defendants have judgment of dismissal with prejudice and on the merits together with such other and further relief as the Court deems just and equitable.

51. DEFENDANTS HEREBY DEMAND A TRIAL BY JURY IN ACCORDANCE WITH RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Dated: January 11, 2018.

MEAGHER & GEER, P.L.L.P.
Attorneys for Decca Consulting, Inc.,
and Hal Curlett, individually
1900 Burnt Boat Drive, Suite 101
Bismarck, ND 58503
Ph: 701.222.1315

BY: *<u>/s/ John C. Hughes</u>*
John C. Hughes, ND ID# 06001
Direct Ph: 612.347.9110
jhughes@meagher.com

**Certificate of Service**

I certify that on January 11, 2018, the foregoing document was filed electronically with the Clerk of Court through ECF and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Tatum O'Brien Lindbo – tatum@okeeffeattorneys.com
Timothy M. O'Keeffe – tim@okeeffeattorneys.com
Jorge A. Herrera – jherrera@herreralaw.com
***Attorneys for plaintiffs***

Nicholas C. Grant – ngrant@ndlaw.com
***Attorney for Smith International, Inc.***

Robert B. Stock – rstock@vogellaw.com
***Attorney for Halliburton Energy Services, Inc.***

John E. Ward – jward@zkslaw.com
Lawrence E. King – lking@zkslaw.com
***Attorneys for Enerplus Resources (USA) Corporation***

Kasey D. McNary – kmcnary@serklandlaw.com
Peter W. Zuger – pzuger@serklandlaw.com
***Attorneys for Wyoming Casing Service, Inc.***

Dated: January 11, 2018.

*/s/ John C. Hughes*
John C. Hughes, ND ID# 06001
jhughes@meagher.com

/11962313.1